JONAS ELLIOT *vs.* SERENUS KILBURN.

That in an action of *trespass*, where defendant pleads *son assault demesne*. and plaint-
iff replies *de injuria sua propria*, the plaintiff may prove that the defendant's assault
upon him was aggravated and unnecessary in self defence, &c.

But where plaintiff, in answer to such plea, would justify his own assault, he must
new assign the matter of such justification.

The plaintiff declared in a " *plea* of *trespass*, for that the de-
fendant, heretofore, to wit, on the 17th day of February, A. D.
1829, at *Manchester*, aforesaid, with force and arms, in and upon
the plaintiff made an assault, and him then and there, with clubs,
fists and feet, beat, bruised, wounded and ill treated ; him the
plaintiff then and there threw with great violence upon the ground,
and him, then and there lying upon the ground, did cruelly kick,
beat and wound : by means whereof the plaintiff lost great quan-
tities of blood, and became sick, diseased, and incapable of at-
tending to his business, and was compelled to expend large sums
of money, to wit, one hundred dollars, in curing said wounds and
sickness ; and by means whereof, also, the life of the plaintiff was
greatly endangered ; and other enormities to the plaintiff then
and there did, against the peace, and to the damage of the plaint-
iff," &c.

*Plea—son assault demesne.*—" And now the defendant comes
by his attorney and defends the wrong and injury, and says he is not
guilty of the force and trespass in the plaintiff's declaration laid to
his charge, and thereof puts himself on the country for trial. And for
further plea in this behalf, as to the said supposed trespasses in said
declaration mentioned, the defendant, by leave of the court here for
this purpose had and obtained, according to the rule of the court in
such case prescribed, saith, that the said *Jonas* ought not to have or
maintain his action thereof against him ; because he says, that the
plaintiff, just before the time when, &c., in the plaintiff's declara-
tion mentioned, to wit, on the same day and year therein named,
at *Manchester* aforesaid, with force and arms, made an assault upon
the defendant, and then and there, with fists, and whip stocks,
commonly called an ox goad, struck the defendant with great force
and violence, and then and there would have further beat, bruis-
ed, wounded and ill treated, the defendant, if he had not imme-
diately defended himself against the said *Jonas*, as he lawfully
might for the cause aforesaid : and, in so doing, did necessari-
ly and unavoidably throw the plaintiff upon the snow then and
there lying upon the ground, and did a little wound the plaintiff,
doing no unnecessary damage to the plaintiff on the occasion a-
foresaid. And so the defendant saith, that, if any hurt or dam-
age then and there happened to the plaintiff, the same was oc-
casioned by the said assault so made by the plaintiff upon the de-
fendant, and in the necessary defence of him the defendant a-
gainst the plaintiff—which is the same supposed trespass, men-
tioned in the plaintiff's declaration ; and this the defendant is rea-
dy to verify : wherefore he prays judgement, whether the plaint-

BENNINGTON,
February,
1830.

Elliot
vs.
Kilburn.

iff ought further to have or maintain his action thereof against him."

*Replication—de injuria sua propria.*—" And the said *Jonas,* as to the plea of the said *Serenus* by him first above pleaded, wherein he hath put himself on the country for trial, doth the like. And, as to the second plea of the said *Serenus,* by him secondly above pleaded, the said *Jonas* says, that he ought not, by reason of any thing or matter above, by said *Serenus,* in that plea alleged, to be precluded from having or maintaining his action aforesaid thereof against him the said *Serenus* ; because he the said *Jonas* says, that the said *Serenus,* at the time when, &c. committed the trespass, assault, beating, bruising, wounding, and other wrongs, in his the said *Jonas'* declaration alleged, of his the said *Serenus'* own wrong, and without any such cause as by the said *Serenus* in his said plea alleged ; and this the plaintiff prays may be enquired of by the country, by

*Bennett* and *Aiken,* attorneys."

" And the defendant doth the like, by

*Isham* and *Sargeant,* attorneys."

This cause was tried by the jury, and the following case was agreed to by the parties : " On trial, the defendant gave evidence, tending to shew the truth of his second plea, and the plaintiff then offered evidence to shew an excessive battery ; to which the defendant's council objected, as not being admissible under the issue joined ; and the court overruled the objection and held the testimony admissible ; and charged the jury to receive and weigh it in the issue : and thereupon a verdict was rendered for the plaintiff, and accepted by the court ; to which dicision and charge the defendant excepts," &c.

The case now came before this Court on a motion for a new trial, founded on an alleged error in the dicision of the court below, as above stated.

*Argument for the defendant.*—The replication of *de injuria* to the defendant's plea of *son assault* is essentially defective on demurrer, as that replication is good only when matter in *excuse* is pleaded in bar of the action, and not where the plea is matter of *justification.*—2 *Caines' Rep.* 233, *Hallock* vs. *Robinson.*— 1 *Chit. Pl.* 562–585.

Waiving all objections of this kind, the testimony offered was clearly inadmissible under the pleadings closed. The defendant in his plea avers, that the plaintiff first commenced the assault ; which is denied by the plaintiff's replication : to the issue thus presented must the testimony be confined ; and to maintain which the defendant came prepared for trial. And, if the plaintiff first commenced the assault, the defendant was entitled to a verdict. If the plaintiff seeks to recover damages for an exces-

sive battery, it should be spread upon the record by new assign-ment, and to this the defendant be required to plead *de novo.—* 1 *Chit. Pl.* 563.—2 *Camp. Rep.* 176-629.—2 *Aikens' Rep.* 359. The testimony thus offered and admitted is a manifest departure from the issue formed. And, as the pleadings do not disclose the true matter upon which the damages were recovered, this will be no bar to a subsequent action.

BENNINGTON

*February,*
1830.

Elliot
*vs.*
Kilburn.

*Argument for the plaintiff.*—It is said by *Chitty, (Pl.* 1 *vol. p.* 563,*)* "if the plaintiff did in fact commit what in point of law amounted to the first assault, the plaintiff must reply specially. And it is said, if the defendant's battery was outrageous, or more than was necessary for self defence, that matter should be so replied." It is also said by *Starkie, (Evidence, vol.* 3, *page* 1474*)* " It has been the practice to preclude the plaintiff from proving, under this issue, that the violence used by the defendant was excessive, and not at all proportionated to the original assault, the excess not having been specially replied." The case *King et ux.* vs. *Pippard, Carth.* 280, (*S. C. Skinner,* 387,) is the leading case, cited in all the books, to support the doctrine.

1. This rule, if established beyond all dispute, would be a technical rule at variance with the manifest import of the plea.— The plea avers, that the plaintiff made the first assault on the defendant, and, that the defendant did, in self defence, necessarily, and unavoidably, throw the plaintiff on the ground, and him a little wound, doing no unnecessary damage to the plaintiff, beyond the means of necessary self defence. The replication *de injuria* is a traverse of the whole plea. The burden is on the defendant to support it ;—and it would seem, that he should prove not only the fact, that the plaintiff committed the first assault, but that the assault of the plaintiff called for all the violence employed by the defendant as a necessary means of self defence—that, *in point of fact,* he did no *unnecessary* injury ; otherwise, most of the plea would be entirely *idle.*—3 *Stark. Ev.* 1467, *and cases there cited,—Philips* vs. *Howgate,* 5 *B.* & *A.* 220.

2. But we contend, that this rule has never been acquiesced in, even in *England.*— *Chitty* says in his note to the above passage, " *Sed quære,* if not sufficient to reply *de injuria,*" *&c.*—1 *Chitty. Pl.* 563. *(n. a.) Starkie* also says, " It has been doubted by most learned judges in former as well as in modern times, whether it is necessary to reply the excess" ; and cites *Cockcroft* vs. *Smith,* 2 *Salk.* 642.—*B. N. P.* 18.—*Gilb. C. P.* 154. 3 *Stark. Ev.* 1474. See also the rule as to new assignment in 1 *Saund.* 299, *n. a.*

3. In our sister states, the practice for which we contend has been adopted.—*Hannen* vs. *Edes,* 15 *Mass.Rep.*347.—15 *Mass.*

BENNINGTON,
February,
1830.

Elliot
*vs.*
Kilburn.

*R.* 365.—*Curtis* vs. *Carson*, 2 *N. H. Rep.* 539.—In our own state, we are not apprised of any decision on the point. It is to be further remarked, that the question regards form, rather than substance. The strong tendency of modern times is to avoid the intricacies, the delays, expense and chicanery, of special pleadings, as far as the interests of substantial justice require.—— And the objection of surprise to parties is rarely if ever realized in fact. Besides, the course contended for by the defendant is attended by substantial embarrassments and evils. Suppose a case : The plaintiff insists that no assault was made by him. Some evidence is adduced to show, that he did commit the first assault, and other evidence to show, that the defendant committed the first assault ; so that the fact is left doubtful. If the plaintiff *new assign*, or reply *excess*, he admits, to his own prejudice, a *fact*, which he knows did not exist, and which the jury might find untrue. He cannot traverse the justification, and also new assign. —3 *Stark. Ev.* 1478–1480.—10 *East.* 73 and 81, *n. a.* If he traverse the plea of *son assault*, he runs the risk of being entirely defeated of his right, however excessive the violence of the defendant.

4. But even where the county court mistakes in a matter of technical law, this court will not grant a new trial, unless the mistake has operated to the prejudice of the party complaining.—— When the case has been tried on its real merits, to grant a new trial, would operate to subject the party to the expense of repleading, and again trying his case on the same evidence.—3 *John. Cases,* 125, *Duncan* vs. *Dubois.*—2 *T. R.* 4.—2 *Caines' R.* 90.——6 *Bac. Abr.* 659.——1 *Vt. Rep.* 264, *Danforth et al.* vs. *Reynolds.*

The opinion of the court was pronounced by

HUTCHINSON, J.—The single question presented for our consideration is, whether the plaintiff's testimony to prove an excessive and unnecessary beating by the defendant, not rendered necessary by any assault of the plaintiff, was correctly admitted under the general replication of *de injuria sua propria absque tali causa.*

This question is not known to have been ever agitated in this state, till now : and there is not the most perfect agreement in the several authorities, cited in argument. It seems worthy of our attention, to examine the principles and authorities sufficiently to ascertain which should govern this case, and to what result they lead.

One case is cited by the plaintiff's counsel directly in point for the admission of this testimony. That case is *Hannen* vs. *Edes.* 15th *Mass. Rep.* 347.

BENNINGTON,
February,
1830.

Elliot
vs.
Kilburn.

That was tried upon the plea of *son assault demesne* only, with the same general replication. The evidence was admitted, and the plaintiff obtained a verdict. The question was saved, and very fully considered before the Supreme Court. It appears, that the trial proceeded according to a long practice in that state ; but that practice was not sanctioned by any decision within memory. The court took up the subject as not settled, and examined the authorities *seriatim*, and arrived at the conclusion, that the authorities fully supported their practice. In the 2 *vol. N. H. Rep.* 539, *Curtis* vs. *Carson*, there is a similar decision. But the chief justice, in giving the opinion of the court, leaves it wholly upon the practice in that state and *Massachusetts*, and the former practice in *England;* but he supposes the practice in *England* now to be otherwise, requiring a new assignment.--- These are all the American authorities produced on either side.

English authorities are now produced, that were not cited at the hearing of either of those cases in *Mass.* and *N. H. Reports.* How stands the question on those authorities ? In 1st of *Chitty's Pl.* 563, and 3d of *Starkie's Ev.* 1474, it is stated that the plaintiff must reply specially, in order to entitle himself to the benefit of such testimony. Both these elementary authors rest this assertion solely on the case of *King and wife* vs. *Phipard*, or *Pippard*, reported in *Carthew*, 280, and in *Skinner*, 387. On examining that case, it appears, that the matter replied was so evidently new, and not before upon the record, that there could be no plausible pretext for admitting it without a special replication. The case was this. The plaintiffs declared for an assault and battery upon the wife. The defendant pleaded *son assault demesne* in the common form. The plaintiffs instead of the general replication *de injuria* &c. confessed and avoided this matter of the plea ; that is, confessed that she made the first assault, or,did that which the defendant called the first assault, and justified the same, by averring, that the defendant entered the house of said *King*, and misbehaved himself, &c. and that said wife gently put him out, &c. and averred this to be the same assault named in said plea.—— The defendant demurred, and this replication was adjudged to be good ; and the court said, that the plaintift could not have given this new matter in evidence under the general replication, *de injuria*, &c. Both *Chitty* and *Starkie*, however, when they mention, that, if the defendant's battery was outrageous, or more than was necessary for self defence, that matter should be so replied, propose a *quære*, if it be not sufficient to reply, *de injuria ?* &c. And *Starkie* says expressly, " But it has been doubted by most learned judges, in former as well as in modern times, whether it

BENNINGTON, be necessary to reply the excess." He refers also to the case above
February,
1830.       cited from 15th of *Mass. Rep.*

Elliot            The general principles, that run through the whole system of spe-
*vs.*       cial pleadings, are, that each party pleading must either traverse
Kilburn.
all the important matter of that, to which he pleads, or, he must
confess and avoid it.   And, to avoid embarrassment and prolixity
in pleading, the law has established many simple forms of traverse,
which compel the other party to prove all his material allegations.
Thus, *non assumpsit, not guilty, nil debet,* &c. in the cases to which
they are properly applied, put the plaintiff upon the proof of his
whole declaration.   Now, it is difficult to discover any reason
why, the general replication, *de injuria,* &c. does not deny, and
put the defendant to prove, all the material allegations of his
plea.   *Starkie, (3 vol. page 1467,)* says, " where issue is joined
on the general replication *de injuria,* &c. it is incumbent on the
defendant to prove every material allegation in his plea."   "Where
plaintiff declares for several trespasses, and defendant pleads a
licence ;  the plaintiff replies *de injuria,* &c. and issue is joined :
the plaintiff shall recover for all those trespasses, for which the de-
fendant proves no licence."   See 11 *East. Rep.* 451, *Barnes vs.
Hunt.*   Again, on page 1470 of *Starkie,* after observing, that it
had been said, that the plaintiff under this issue cannot insist upon
an excess, he adds, " but it may be questioned, whether the defen-
dant does not, by his plea, undertake to prove such a case as is
proportioned to, and will justify, his own act."   See *B. & A. page*
220.—*(7 Com. L. 74, Philips vs. Howgate.)*   This was an ac-
tion for an assault, battery, imprisonment, &c.   The defendant
justified under a warrant from Kings Bench, by which he
arrested the plaintiff : and because the plaintiff, while in defen-
dant's custody, behaved and conducted himself in a violent and
outrageous manner, &c., the defendant was obliged to pull plain-
tiff about with a little force, and to give him a few blows, &c.  Re-
plication, *de injuria,* &c. and issue thereon. And *Bayley,* J. left the
question to the jury, whether what was done by the defendant was
more than was necessary for the purpose of keeping the plaintiff
safely, &c.   The plaintiff recovered.   *Williams* moved in Bank
to have a verdict entered for the defendant, on the authority of
*Taylor vs. Cole,* 3 *Term Rep.* 297, on the ground that the war-
rant justified the principal trespass complained of ; and the other
parts of the plea need not be proved.   The court refused to grant
the rule.   *Abbot,* C. J. says, " In order for the defendant to jus-
tify the pushing and beating of the plaintiff, it was necessary for
him to prove that part of his justification which states the plaintiff's
misconduct and resistance, while in custody."   Again, in 3 *Starkie,*

1469, he says, " as the general replication, *de injuria*, &c. is a traverse of the whole plea, the plaintiff is at liberty to go into any evidence which disproves the facts of the plea." Again, on page 1472–3, he says, " the proof is of course upon the defendant, and the plaintiff need not adduce evidence except for the purpose of encountering the defendant's evidence, and also for the purpose of increasing the damages."

What, then, are the material facts in a special plea of *son assault?* Would it answer the defendant's purpose to plead, that the plaintiff committed the first assault, and there rest his defence ? By no means. Such a plea would be bad on demurrer. If such a plea would be good, without regard to the particular circumstances of the case, it would be good in all cases. Suppose the plaintiff charges the defendant with having assaulted the plaintiff, and shot him with a ball from a pistol and broken ken his arm. The defendant merely pleads, that the plaintiff made the first assault. " What then ?" would be a sufficient answer to such a plea. The plea of *son assault* must state definitely what the plaintiff did, and what the defendant did ; and a very essential ingredient of such a plea is, an averment, that the defendant used no other or greater force than was necessary in his defence, or to defend his possession, or to keep the plaintiff from escaping, &c. as the case may be. Such is the plea in the present case. Such are the forms given in the books. See 2 *Chit.* 523–4. Such are the requisitions of all the principles that support such a plea as a defence. The meaning of the plea is, that he, the defendant, is not in fault, for all that he has done was rendered necessary by the prior misconduct of the plaintiff. *Cochcroft* vs. *Smith*, 2 *Salk.* 642, was for assault, battery and mayhem. The defendant pleaded *son assault.* It is not stated what the replication was, but, by what follows in the case, we must presume it was *de injuria*, &c. *Lord Holt* there says, (and *Powell* agrees with him,) " if A strike B, and B again strike A, and they close, and B maims A, it is *son assault*. But if A give B a little blow, and B gives him a blow that maims him, that is not *son assault*. The only meaning of this, that can be, is, that, in the first case put, the plea is proved, but, in the last case, it is not proved. If it be true, that the defendant needs to prove those averments in his plea, which show what he did to have been done in his necessary self defence, it is very evident, that the plaintiff has a right to disprove them, under the same issue.

This view of the case, and this reference to the authorities, presents a plain distinction between the case before us, and those in which a special replication, or a new assignment, have been re-

quired. In the case before us, the whole controversy is about the truth of the allegations of the defendant's plea ; in those, the plaintiff urges some entire new matter. If the plaintiff did make the first assault, and can justify it, he must reply that matter of justification, as in the case in *Carthew.* If the defendant justifies under legal process, and the plaintiff would avail himself of any matter, which shows the defendant a trespasser *ab initio,* he must place that matter upon the record in his replication ; so that the defendant may take issue upon it, if he choose.

Actions of trespass for breaking and entering the plaintiff's close have forms of pleading in some sort peculiar to themselves. Where the plaintiff charges the breaking and entering, and adds various personal injuries in aggravation of damages ; if the defendant justifies the original entry, that covers the whole trespass, unless the plaintiff new assign.—See 3*d T. R.* 297, *Taylor* vs. *Cole.* So, where the plaintiff's allegations are all very general, and the defendant justifies, alleging it to be the same trespass ; this, though apparently more narrow than the plaintiff's allegations, drives the plaintiff to a new assignment of some particular trespass, within his general allegations, and to show the same to be different from that justified in the defendant's plea. Such is the case in the second of *Camp. Rep.* 175, cited by the defendants counsel. There, the plaintiff charged, that the defendant broke and entered his house and tarried three weeks, and seized and carried away his goods. The defendant, by his plea, justified the breaking and entering and staying twenty four hours, a part of said three weeks ; also, that he took the goods by *fieri facias.* The plaintiff admitting the writ, replied *de injuria,*&c. *absque residuo causæ.* Issue was joined. The defendant proved his justification. It appeared, that his officers tarried in the house more than twenty four hours. The plaintiff contended, that all proved beyond the twenty four hours stood as upon not guilty, and that the plaintiff was entitled to damages for what he suffered by it. But *Ld. Ellenboro* held, that the replication put nothing in issue but the residue of the matters mentioned in the plea, beside the *fieri facias,* and seizing the goods—That the time charged in the declaration, and not included in the plea, was left out of the controversy, altogether. Upon a just application of principles, if the plaintiff would contend for damage, for any period beyond the twenty four hours justified, he should have replied that the defendant's officers tarried more than the said twenty four hours, to wit, &c. naming such a time as he could prove.

In the same volume *(page* 629, *Warrall* vs. *Clare,)* the de-

fendant, in such action of trespass, justified entering for condition broken. The plaintiff admitted the demise, and replied *de injuria sua propria absque residuo causæ.* The plaintiff, under this issue, offered to prove such facts as would amount to a waiver of the defendant's right to re-enter ; but it was not allowed, for this was matter of special replication, and could not come in under this issue.

The cases of special replications seem all to be those where the plaintiff confesses the material allegations of the plea, and replies some new matter in avoidance.

The cases of new assignments seem all to be those, where the plaintiff's general allegations in his declaration must be rendered more particular, in order to avoid the force of a plea, which is not broad enough to meet the whole declaration, and yet avers it to be the same trespass ; or where the principal tresspass is justified, and the plaintiff new assigns, in issuable terms, such facts as before were only alleged in aggravation of damages. I have made considerable search, and have found no special replication in the cases, nor any form in the books of forms, but what comes within one or the other of these descriptions.

That the plaintiff cannot both traverse a plea of *son assault,* and new assign, see 10th of *East. Rep.* 73, *Chearley* vs. *Barnes et al.* It would be no small embarrassment to the plaintiff, as suggested by his counsel, if he were obliged to admit one part of the defendant's plea, in order to be at liberty to controvert the rest. And I know of no rule of pleading, by which the plaintiff, in this case, could reply or newly assign the excess and aggravation of the defendant's assaulting and beating, without confessing that the plaintiff made the first assault, as alleged in the plea.

Upon the whole, the testimony offered by the plaintiff was admissible, as contradicting an essential allegation of the plea : it was admissible by the direct authority of the case in *Massachusetts,* and the case in *N. Hampshire* : its admission is not opposed by the case in *Charthew* and *Skinner,* notwithstanding the contrary suppositions, occasioned by that case.

The judgement of the county court is affirmed.

*Bennett* and *Aikens,* for plaintiff.

*Sargeant* and *Isham,* for defendant.